*580 OPINION.
James :
The question here presented turns upon the correctness of the balance sheets set up by the revenue agent, primarily to ascertain invested capital, and admittedly estimated, the correctness of his computation of net income, and the correctness of the accountants’ theory of computing the net income in the following manner:
*581 COMPUTATION Off NET INCOME.
Net worth December 31, 1917_$74,015. 24
Less net worth December 31, 1910_ 53,988.55
20, 026.69
Add withdrawals oí partners during 1917_ 10,359.53
Net profit_ 30,386.22
Less additional salaries allowed by Treasury Department letter dated March 29,1922_ 9,790.00
Net income as corrected_ 20, 596.22
Manifestly the above computation rests upon comparisons of surplus between two balance sheets, both admittedly inaccurate, and upon the correctness of an alleged sum of partners’ withdrawals, computed from evidence which is clearly inadequate. The ledger sheets introduced in evidence are incapable of analysis without reference to journal entries or the knowledge of persons familiar with the accounts. The books of .original entry were not introduced in evidence. The persons familiar with the accounts were not produced as witnesses. In lieu of such testimony, taxpayer’s counsel has undertaken to analyze the ledger sheets and to show the amounts of withdrawals, setting forth such analysis in his brief. The Board is unable to determine whether this analysis is correct by comparison with any of the testimony and evidence in the case.
The taxpayer claims special relief under section 210 of the Revenue Act of 1911. No evidence was introduced in support of this claim and the Commissioner moved for the dismissal of this portion of taxpayer’s petition. This motion was at that time taken under advisement. It must now be granted upon the ground and for the reason alleged by the Commissioner.